IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Tucker Hall, | ) |
|            Petitioner, | ) C/A No. 0:09-330-RBH-PJG |
| vs. | ) |
| | ) **REPORT AND** |
| John Ozmint, Director of SC Department of Corrections; Warden of Broad River Correctional Institution, | ) **RECOMMENDATION** |
|            Respondents. | ) |

The petitioner, Randy Tucker Hall ("Hall"), a state prisoner represented by Mary P. Miles, Esquire, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment. (Docket Entry 14.) Having carefully considered the parties' submissions and the Record in this case, the court finds that the respondents' motion should be granted.

**BACKGROUND**

Hall was indicted in July 2000 in York County for resisting arrest (00-GS-46-2310), trafficking in cocaine (00-GS-46-2311), and possession of crack cocaine with intent to distribute within proximity of a school (00-GS-46-2312). (Docket Entry 15-5.) Hall was initially represented by James E. Hatcher, Esquire, Public Defender. On August 23, 2000, Hall failed to appear for his trial, and Hatcher moved to be relieved as counsel. (App. at 6-7, Docket Entry 15-1 at 12-13.) The trial court granted Hatcher's motion based on counsel's representation that counsel was unable to adequately prepare a defense due to Hall's refusal to meet with counsel, and Hall was tried *in absentia* and found guilty as charged. (Id.; App. at 140, Docket Entry 15-2 at 46.) The circuit court

sentenced Hall to thirty years' imprisonment and a fine of $50,000 for trafficking cocaine, second offense; fifteen years' imprisonment for possession of crack cocaine with intent to distribute within proximity of a school; and one year imprisonment for resisting arrest, all sentences to be served concurrently.[1] (App. at 304, Docket Entry 15-4 at 12.)

Hall appealed and was represented by Daniel T. Stacey, Esquire, Chief Attorney of the South Carolina Office of Appellate Defense. (Docket Entry 15-6.) Hall, through counsel, moved to withdraw his appeal. The South Carolina Court of Appeals granted Hall's motion in a December 6, 2001 order that dismissed Hall's appeal and remitted the case to York County. (Docket Entry 15-7.)

Hall filed a *pro se* application for post-conviction relief ("PCR") on July 6, 2001. (Hall v. State of South Carolina, 01-CP-46-1494, App. at 147-67, Docket Entry 15-2 at 53-73.) In his application, Hall raised the following issues:

> 1. Ineffective Assistance of Trial Counsel.
> The Applicant did not knowingly and voluntarily waive his rights to being present at trial and counsel was ineffective for failing to object to the trial commencing in the applicant's absence.
>
> 2. Denial of Due Process of Law.
> The Applicant's conviction and sentence was obtained in violation of the South Carolina Constitution Amendment 6 and 14 because the Applicant was denied his right to the effective assistance of counsel.

(App. at 153, 160, Docket Entry 15-2 at 59, 66.) Hall amended his application on January 2, 2002 to include the following allegations:

> 1. Mr. Hatcher denied the Applicant the effective assistance of counsel during trial after Mr. Hatcher made a motion to be relieved at the beginning of trial,

---

[1] Because Hall did not appear for the trial proceedings, the circuit court judge sealed the sentence sheet at the conclusion of the August 23, 2000 trial. Hall appeared at a hearing held on April 25, 2001, at which time he received his sentence when the sentencing sheet was unsealed. (App. at 300-06, Docket Entry 15-4 at 8-14.)

> which denied the Applicant [an] advocate to move for the suppression of the crack cocaine due to a faulty chain of custody.
>
> 2. Mr. Hatcher denied the Applicant the effective assistance of counsel during trial after Mr. Hatcher made a motion to be relieved as counsel for the Applicant at the beginning of trial, thereby, denying the Applicant [an] advocate to challenge the voluntariness of statements allegedly made by the Applicant on the date of arrest.
>
> 3. Mr. Hatcher denied the Applicant the effective assistance of counsel during trial after Mr. Hatcher made a motion to be relieved at the beginning of trial, thereby, denying the Applicant [an] advocate to object and move for a mistrial because of the state improperly making the Applicant's character an issue.
>
> 4. Mr. Hatcher denied the Applicant the effective assistance of counsel during trial after Mr. Hatcher made motion to be relieved at the beginning of trial, thereby, denying the Applicant [an] advocate to challenge juror Arkin for cause.

(App. at 168-87, Docket Entry 15-2 at 75-94.) The State filed a return on April 23, 2002. (App. at 188-91; Docket Entry 15-2 at 95-98.) On September 2, 2003, the PCR court held an evidentiary hearing at which Hall was present and testified and was represented by Thomas C. Manning, Esquire. (App. at 192-285; Docket Entry 15-2 at 99 through Docket Entry 15-3 at 92.) The PCR court denied and dismissed Hall's application with prejudice by order filed November 3, 2003. (App. at 312-21, Docket Entry 15-4 at 20-29.) Specifically, the PCR court ruled that Hall's trial counsel was not ineffective for moving to be relieved prior to Hall's trial. (App. at 319, Docket Entry 15-4 at 27.) Additionally, the PCR court ruled that Hall's claim that he should not have been tried in his absence should be summarily dismissed because it was an issue that could have been raised at trial or on appeal. (App. at 320, Docket Entry 15-4 at 28.)

Hall appealed the denial of relief and was initially represented by Wanda P. Hagler, Esquire, Acting Deputy Chief Attorney for the South Carolina Office of Appellate Defense. Hall moved for a substitution of counsel, stating that he had retained James W. Boyd, Esquire to represent him. (See

Docket Entry 15-8.)  The South Carolina Supreme Court granted Hall's motion on April 22, 2004.

(Id.)  Boyd filed a petition for a writ of certiorari on June 18, 2004, in which he presented the following issues:

> I. Was Petitioner's Sixth Amendment right to counsel violated when his trial counsel asked to be relieved on the morning of the trial without giving his client a *Faretta* warning that Petitioner's absence would be viewed as a waiver of counsel by conduct, and without warning Petitioner of the dangers of self-representation?
>
> II. Was Petitioner provided with ineffective counsel when his trial counsel withdrew on the day of the trial minutes before the picking of the jury, materially and adversely effecting Petitioner's interest, and without providing for any means to protect the interests of Petitioner, violating Rules 1.16(b) and 1.16(d) of the Rules of Professional Conduct, Rule 407, SCACR?

(Docket Entry 15-9 at 3.)  The State filed a return on April 17, 2004.  (Docket Entry 15-10.)  By order dated March 8, 2006, the South Carolina Court of Appeals granted Hall's petition for a writ of certiorari.  (Docket Entry 15-11.)  Both parties filed briefs.  (Docket Entries 15-12 & 15-13.)  On October 4, 2007, the South Carolina Court of Appeals dismissed the writ of certiorari as improvidently granted.  (Docket Entry 15-12 at 5-6.)  Hall filed a petition for rehearing on October 16, 2007 (Docket Entry 15-12 at 7-10), which the South Carolina Court of Appeals denied by letter order on November 21, 2007.  (Docket Entry 15-12 at 3-4.)

Hall, still represented by Boyd, filed a petition for a writ of certiorari with the South Carolina Supreme Court on December 12, 2007, in which he presented the following questions:

> I. Was the Petitioner's Sixth Amendment right to counsel violated when his trial counsel asked to be relieved on the morning of the trial without giving his client a Faretta warning that the Petitioner's absence would be viewed as a wavier of counsel by conduct, and without warning Petitioner of the danger's [*sic*] of self-representation?
>
> II. Was the Petitioner provided with ineffective assistance of counsel when his trial counsel withdrew on the day of the trial minutes before picking of the jury?

([Docket Entry 15-14](Docket Entry 15-14) at 3.)  The State filed a return on January 10, 2008.  ([Docket Entry 15-15](Docket Entry 15-15).)  By letter order dated February 21, 2008, the South Carolina Supreme Court denied Hall's petition for a writ of certiorari.  ([Docket Entry 15-16](Docket Entry 15-16).)

# FEDERAL HABEAS ISSUES

Hall filed this federal petition for a writ of habeas corpus in which he is represented by Mary P. Miles, Esquire.  The Petition raises the following issues:

> **Ground One:**  Denial of effective assistance of counsel in violation of the sixth amendment
> > **Supporting facts:**  The Petitioner's trial counsel abandoned him during a critical phase trial proceedings, performed no pre-trial investigation of the case, moved before the court to be relieved as the counsel of the Petitioner and raised no objection to trial of the Petitioner in absentia.
>
> **Ground Two:** Denial of effective assistance of counsel in violation of the fourteenth amendment
> > **Supporting facts:**  The Petitioner was denied the due process as he was not even given a due notice about his counsel moving to be relieved.  It was the morning of the Petitioner's trial that his counsel asked to be relieved.  The State court failed to notify Petitioner that he was not being represented by any counsel and the State did not give Petitioner a reasonable opportunity to engage another counsel for representation in the trial.

([Docket Entry 1](Docket Entry 1) at 4.)  Additionally, Hall attaches a memorandum to his Petition as "Exhibit A" in which he states that he was prejudiced as a result of ineffective assistance of counsel for the following reasons:

> 1. Petitioner was denied his federal constitutional right to the effective assistance of counsel, in violation of the sixth amendment.
>
> 2. Trial counsel did not investigate evidence prior to the trial.
>
> 3. The petitioner was abandoned at the time of the trial and lacked counsel during a critical stage.
>
> 4. Counsel failed to file appropriate motions for reduction of the sentence.
>
> 5. Petitioner was prejudiced by counsel's deficient performance.



6. Petitioner was denied the effective assistance of counsel in violation of the fourteenth amendment.

(Docket Entry 1-1 at 3.)

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.**     **Habeas Corpus Standard of Review**

    **1.**     **Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

    **2.**     **Exhaustion Requirement**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas

court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C.     Respondents' Motion for Summary Judgment**

Hall presents two grounds for relief in the instant Petition. In Ground One, Hall alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment. Specifically, Hall alleges that trial counsel was ineffective by (a) abandoning him during a critical phase of the trial proceedings, (b) performing no pre-trial investigation of the case, (c) moving before the court to be relieved as Hall's counsel, and (d) failing to raise an objection to Hall's being tried *in absentia*. In Ground Two, Hall alleges that he was denied effective assistance of counsel in violation of the Fourteenth Amendment. Hall argues that he was denied due process because he was not provided notice that counsel would seek to be relieved and because the State failed to give Hall notice that he would be proceeding without representation and failed to give Hall a reasonable opportunity to seek alternate representation.

**1.     Procedural Bar**

The respondents argue that Ground One(b), Ground One(d), and Ground Two are procedurally barred from federal habeas review. A review of the record reveals that while Ground One(b) and Ground One(d) were arguably raised in Hall's application for post-conviction relief, they were neither raised during the PCR hearing nor ruled upon by the PCR court. Significantly, Hall did

not raise these issues to the state appellate courts in his PCR appeal. Accordingly, these claims were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

The respondents acknowledge with regard to Ground Two that Hall included, as part of one of his arguments in his state petition for a writ a certiorari from the PCR court's order, allegations similar to the ones presented here. Specifically, Hall argued in his state petition for a writ of certiorari that his Sixth Amendment right to counsel was violated when his counsel sought to be relieved without warning Hall that Hall's absence would be viewed as a waiver of counsel by conduct and without warning Hall of the dangers of self-incrimination. However, these claims were not raised to or ruled upon by the PCR court, and therefore they were not preserved for appellate review under state procedural rules. See Humbert v. State, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue must be raised to and ruled on by the PCR court to be preserved for appellate review); Hon. Jean Hoefer Toal et al., Appellate Practice in South Carolina 57 (2d ed. 2002) ("The first step in preserving an issue for appellate review is to actually raise it to the lower court. Constitutional arguments are no exception to the rule, and if not raised to the trial court are deemed waived on appeal.") (internal citations omitted). Moreover, the court observes that even if these issues were preserved for state appellate review, Hall's arguments to the appellate court rested solely on alleged violations of the Sixth Amendment; therefore, Hall did not properly preserve an issue grounded in the Fourteenth Amendment for federal habeas review.

> [T]he exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.

Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."

Mallory v. Smith, 27 F.3d 991, 994-95 (4th Cir. 1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). Based on all of these reasons, Hall has not properly exhausted these grounds and they would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722. Thus, these claims are not properly exhausted and are procedurally barred from federal habeas review unless Hall can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman, 501 U.S. at 750.

Hall does not specifically respond to the respondents' contention that these grounds are procedurally barred.[2] He presents no argument as to any cause for the default. However, a review of Hall's response reveals that Hall mentions that a "miscarriage of justice" has occurred. Even construing this allegation as an argument to excuse Hall's procedural default, Hall has failed to demonstrate that a fundamental miscarriage of justice, as defined in this context, will occur. As observed by the Supreme Court:

> Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice.

---

[2] Rather, in response to the respondents' motion for summary judgment, Hall alleges that the fundamental issue in Hall's Petition is whether the State can exercise jurisdiction over a person who was unaware of his trial date and did not waive his right to counsel. Hall argues that the Court of General Sessions erred in its determination of this issue and "[t]his aspect of the case constitutes a sufficient basis for review in this Court." (Docket Entry 23 at 2.) Essentially, Hall argues that any constitutional question should be addressed by a federal habeas court. Such an argument is patently defeated by § 2254's exhaustion requirement.

McCleskey v. Zant, 499 U.S. 467, 494 (1991); see also Schlup v. Delo, 513 U.S. 298 (1995) (stating that a petitioner demonstrates a miscarriage of justice if he shows that the constitutional error complained of probably resulted in the conviction of an innocent person). To demonstrate "actual innocence," a petitioner must present "new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Id. at 299, 327-28; Wilson v. Greene, 155 F.3d 396, 404-05 (4th Cir. 1998) ("A reviewing court must evaluate the new evidence alongside any other admissible evidence of the defendant's guilt, and may grant relief only where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' ") (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)) (internal citation omitted). Hall has not alleged that he is actually innocent of the crimes of which he was convicted, much less presented the type of evidence required to excuse a procedural default on this basis. Accordingly, Ground One(b), Ground One(d), and Ground Two are procedurally barred from federal habeas review.

### 2. **Ineffective Assistance of Counsel Generally**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of

Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

### 3. Discussion

Remaining to be addressed are Hall's allegations that trial counsel was ineffective, in violation of the Sixth Amendment, by moving to be relieved as Hall's counsel and abandoning him during a critical phase of the trial proceedings (Grounds One(a) and One(c)). The respondents argue that Hall is not entitled to federal habeas relief on these grounds. In support of this argument, the respondents contend that the PCR court, in considering this issue, reasonably applied the Strickland test to conclude that "trial counsel was not ineffective in making a motion to be relieved prior to [Hall's] trial in his absence" and that Hall failed to show that he was prejudiced by counsel's performance. (App. at 319, Docket Entry 15-4 at 27.) The crux of the issue before the court is whether the PCR court unreasonably misapplied federal law in failing to conclude that trial counsel's motion to be relieved as counsel was objectively unreasonable.³

A review of the record in this matter reveals that Hall failed to appear for his criminal trial in August 2000. Prior to the start of Hall's trial, trial counsel moved to be relieved as counsel. Trial

---

³ For the purposes of this motion, the court will presume that Hall satisfies the second prong of the Strickland test in that trial counsel's motion to be relieved prejudiced Hall.

counsel contended that he did not feel that he was in a position to adequately represent Hall based on counsel's inability to discuss the facts of the case with Hall, which then prevented counsel from preparing a defense. Trial counsel stated that he had one meeting with Hall at which they became acquainted and a few phone calls. However, trial counsel stated that he had been unable to contact Hall in the weeks prior to Hall's trial. The trial court granted counsel's motion to be relieved as Hall's counsel. The trial court then granted the State's subsequent motion, based on a South Carolina Supreme Court case, to proceed with the trial in Hall's absence and without representation for Hall. (App. at 5-7, Docket Entry 15-1 at 11-13.)

At the PCR hearing, trial counsel reiterated and expounded upon the above statements he made to the trial court. Trial counsel explained that he met with Hall the day after his preliminary hearing and had spoken with him on the phone. However, trial counsel testified that they had not discussed all the facts and issues of the case. Trial counsel admitted that he had filed a motion in limine and prepared voir dire for trial, but did not feel adequately prepared for trial. Trial counsel also explained that he maintained contact with Hall's bondsman and he waited until the morning of the trial to move to be relieved, hoping that Hall would appear for his trial. Trial counsel stated that he mailed Hall a notice of the trial to his last known address. While trial counsel admitted that neither he nor an investigator went to Hall's address to search for him, counsel stated that in the days leading up to trial, he was desperately trying to get in touch with Hall by phone.

At the PCR hearing, Hall testified that he was in the area during the time leading up to his trial and he was available by phone. Hall stated that he did not receive notice of his trial; however, Hall admitted that he was not always at the address that his trial counsel and the bondsman had on file. Importantly, Hall's trial occurred the week of August 21, 2000 and Hall admitted that he did not contact trial counsel after August 7th, even though trial counsel had advised him during their last

conversation that his trial would be coming up soon.  Hall agreed that he and trial counsel did not really discuss trial preparation in their discussions because Hall believed a plea agreement or plan of cooperation would occur.

The PCR court found that trial counsel was very credible.  The PCR court further found that Hall failed to cooperate with trial counsel in preparing a defense to his charges, failed to maintain contact with trial counsel, and frustrated the efforts of a public defender who tried to represent him effectively.  The PCR court determined that

> [Hall's] failure to appea[r] for trial left his attorney handcuffed and without any plan of defense. This Court finds that [Hall] not only waived his right to be present from his trial but also waived his right to have trial counsel represent him at the trial.

(App. at 319, Docket Entry 15-4 at 27.)  For these reasons, the PCR court concluded that trial counsel was not ineffective in seeking to be relieved prior to Hall's trial in his absence.

Based on the above, Hall cannot demonstrate that the PCR court unreasonably misapplied federal law or that its factual findings were an unreasonable in light of the evidence presented.  The court cannot say based on the reasonably supported facts determined by the PCR court that trial counsel's decision to move to be relieved was objectively unreasonable, and therefore, Hall cannot satisfy the requirements of the Strickland test.  See United States v. Mullen, 32 F.3d 891, 897 (4th Cir. 1994) (finding that the trial court abused its discretion in failing to relieve counsel where the defendant utterly failed to consult with her attorney); see also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.").

Further, the court observes that the majority of Hall's arguments in opposition to summary judgment focus on alleged errors committed by the *trial court* in proceeding to conduct the trial in

*PJG*

Hall's absence without counsel. Whether the trial court erred in granting the motion to be relieved or in granting the motion to proceed with the trial in Hall's absence and without counsel are separate, direct review issues which, as discussed above, are procedurally barred from federal habeas review. (See also App. at 320, Docket Entry 15-4 at 27) (PCR Order of Dismissal) (holding that claims that Hall should not be tried in his absence were issues that should have been raised on direct appeal and were procedurally barred under S.C. Code Ann. § 17-27-20(b) from PCR review). Therefore, Hall is not entitled to federal habeas relief.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondents' motion for summary judgment (Docket Entry 14) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 11, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).