IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Randy Tucker Hall, ) | Civil Action No.: 0:09-cv-00330-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| John Ozmint, Director of S.C. Department ) | |
| of Corrections; Warden of Broad River ) | |
| Correctional Institution; ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner, Randy Tucker Hall, a state prisoner represented by Mary P. Miles, Esquire, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is now before the court with the [Docket Entry 24] Report and Recommendation of United States Magistrate Judge Paige J. Gossett[1] filed on February 11, 2010. In her Report, the Magistrate Judge reviewed Respondents' [Docket Entry 14] Motion for Summary Judgment and recommended that the motion should be granted. Petitioner timely filed objections to the Report on March 1, 2010.

## **Background**

Petitioner was indicted in July 2000 in York County, South Carolina, for resisting arrest, trafficking cocaine, and possession of crack cocaine with intent to distribute within proximity of a school. Petitioner was initially represented by James E. Hatcher, Esquire, Public Defender. On August 23, 2000, Petitioner failed to appear for his trial, and Hatcher moved to be relieved as counsel. The trial court granted Hatcher's motion based on counsel's representation that counsel

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

was unable to adequately prepare a defense due to Petitioner's refusal to meet with counsel, and Petitioner was tried *in absentia* and found guilty as charged. Ultimately, Petitioner received a sentence of thirty years' imprisonment.

Petitioner appealed his conviction and sentence, and was represented by Daniel T. Stacey, Esquire, Chief Attorney of South Carolina Office of Appellate Defense. Petitioner, through counsel, moved to withdraw his appeal. The South Carolina Court of Appeals granted Petitioner's motion in a December 6, 2001 order that dismissed Petitioner's appeal and remitted the case to York County.

Petitioner filed a *pro se* application for post-conviction relief (PCR) on July 6, 2001. In his application, Petitioner raised the following issues:

> (1) Ineffective Assistance of Counsel
> The Applicant did not knowingly and voluntarily waive his rights to being present at trial and counsel was ineffective for failing to object to the trial commencing in the applicant's absence.
>
> (2) Denial of Due Process of Law
> The Applicant's conviction and sentence was obtained in violation of the South Carolina Constitution Article I, §14 and § 3 and United States Constitution Amendment 6 and 14 because the Applicant was denied his right to the effective assistance of counsel.

PCR App. [Docket Entry 15, Attach. 2] at 59, 66. Petitioner amended his application on January 2, 2002, to include the following allegations:

> (1) Mr. Hatcher denied the Applicant the effective assistance of counsel during trial after Mr. Hatcher made a motion to be relieved at the beginning of trial, which denied the Applicant [an] advocate to move for the suppression of the crack cocaine due to a faulty chain of custody.
>
> (2) Mr. Hatcher denied the Applicant the effective assistance of counsel during trial after Mr. Hatcher made a motion to be relieved as counsel for the Applicant at the beginning of trial, thereby, denying the Applicant [an]

2

>           advocate to challenge the voluntariness of statements allegedly made by
>           the Applicant on the date of arrest.
>
>   (3)     Mr. Hatcher denied the Applicant the effective assistance of counsel
>           during trial after Mr. Hatcher made a motion to be relieved at the
>           beginning of trial, thereby, denying the Applicant [an] advocate to object
>           and move for a mistrial because of the state improperly making the
>           Applicant's character an issue.
>
>   (4)     Mr. Hatcher denied the Applicant the effective assistance of counsel
>           during trial after Mr. Hatcher made motion to be relieved at the beginning
>           of trial, thereby, denying the Applicant [an] advocate to challenge juror
>           Arkin for cause.

*Id.* at 75-94. The State filed a return on April 23, 2002. On September 2, 2003, the PCR court held an evidentiary hearing at which Petitioner was present and testified and was represented by Thomas C. Manning, Esquire. The PCR court denied and dismissed Petitioner's application with prejudice by order filed November 3, 2003. Specifically, the PCR court ruled that Petitioner's trial counsel was not ineffective for moving to be relieved prior to Petitioner's trial. PCR App. [Docket Entry 15, Attach. 4] at 27. Additionally, the PCR court ruled that Petitioner's claim that he should not have been tried in his absence should be summarily dismissed because it was an issue that could have been raised at trial or on direct appeal. *Id.* at 28.

Petitioner appealed the denial of relief. He filed a petition for a writ of certiorari on June 18, 2004, in which he presented th following issues:

>   I.      Was Petitioner's Sixth Amendment right to counsel violated when his trial
>           counsel asked to be relieved on the morning of trial without giving his
>           client a *Faretta* warning that Petitioner's absence would be viewed as a
>           waiver of counsel by conduct, and without warning Petitioner of the
>           dangers of self-representation?
>
>   II.     Was Petitioner provided with ineffective assistance of counsel when his
>           trial counsel withdrew on the day of the trial minutes before the picking of
>           the jury, materially and adversely effecting Petitioner's interest, and
>           without providing for any means to protect the interests of Petitioner,

> violating Rule 1.16(b) and 1.16(d) of the Rules of Professional Conduct, Rule 407, SCACR?

Petition for Writ [Docket Entry 15, Attach. 9] at 3.  By order dated March 8, 2006, the South Carolina Court of Appeals granted Petitioner's petition for a writ of certiorari.  Both parties filed briefs.  On October 4, 2007, the Court of Appeals dismissed the writ of certiorari as improvidently granted.  Petitioner then filed a petition for rehearing, which the Court of Appeals denied.

Petitioner then filed a petition for a writ of certiorari with the South Carolina Supreme Court on December 17, 2007, in which he presented the following questions:

> I. Was the Petitioner's Sixth Amendment right to counsel violated when his trial counsel asked to be relieved on the morning of trial without giving his client a *Faretta* warning that the Petitioner's absence would be viewed as a waiver of counsel by conduct, and without warning Petitioner of the danger's [sic] of self-representation?
>
> II. Was the Petitioner provided with ineffective assistance of counsel when his counsel withdrew on the day of trial minutes before picking of the jury?

Petition for Writ [Docket Entry 15, Attach. 14] at 3.  The South Carolina Supreme Court ultimately denied Petitioner's petition for a writ of certiorari.

Petitioner, represented by attorney Mary P. Miles, filed this federal petition for a writ of habeas corpus on February 9, 2009.  The Petition raises the following issues:

> **Ground One:** Denial of effective assistance of counsel in violation of the sixth amendment
> **Supporting Facts:** The Petitioner's trial counsel abandoned him during a critical phase trial proceedings, performed no pre-trial investigation of the case, moved before the court to be relieved as the counsel of the Petitioner and raised no objection to trial of the Petitioner in absentia.
>
> **Ground Two:** Denial of effective assistance of counsel in violation of the fourteenth amendment

> **Supporting Facts:** The Petitioner was denied the due process as he was not even given a due notice about his counsel moving to be relieved. It was the morning of the Petitioner's trial that his counsel asked to be relieved. The State court failed to notify Petitioner that he was not being represented by any counsel and the State did not give Petitioner a reasonable opportunity to engage another counsel for representation in the trial.

Petition [Docket Entry 1] at 4. Additionally, in an attached memorandum, Petitioner asserts that the ineffective assistance of counsel prejudiced him as follows:

1. Petitioner was denied his federal constitutional right to the effective assistance of counsel, in violation of the sixth amendment.

2. Trial counsel did not investigate evidence prior to the trial.

3. The petitioner was abandoned at the time of the trial and lacked counsel during a critical stage.

4. Counsel failed to file appropriate motions for reduction of the sentence.

5. Petitioner was prejudiced by counsel's deficient performance.

6. Petitioner was denied the effective assistance of counsel in violation of the fourteenth amendment.

Memo. [Docket Entry 1, Attach. 1] at 3.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

In the instant Petition, Petitioner asserts two grounds for relief. In Ground One, Petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment. Specifically, he alleges that trial counsel was ineffective by (a) abandoning him during a critical phase of the trial proceedings, (b) performing no pre-trial investigation of the case, (c) moving before the court to be relieved as Petitioner's counsel, and (d) failing to raise any objection to Petitioner's being tried *in absentia*. In Ground Two, Petitioner appears to allege two separate constitutional violations. First, he appears to allege that he was denied effective assistance of counsel in violation of the Sixth Amendment, because his counsel did not provide him notice that counsel intended to move to be relieved. Second, he appears to allege he was denied due process in violation of the Fourteenth Amendment, because the State failed to give him notice that he would be proceeding without representation and failed to give him a reasonable opportunity to seek alternative representation.[2]

---

[2] The court notes that the Magistrate Judge treated Ground Two as only presenting a claim under the Fourteenth Amendment. However, for the reasons set out above, it appears to the court that Ground Two presents constitutional claims under both the Sixth Amendment and Fourteenth Amendment. Therefore, the court's analysis treats these claims accordingly, and ultimately the court adopts as modified the

I.  Procedural Bar

As an initial matter, the Magistrate Judge found that the majority of Petitioner's arguments in opposition of summary judgment focus on alleged errors by the trial court in granting Petitioner's counsel's motion to be relieved and proceeding to conduct the trial in Petitioner's absence. Similarly, many of Petitioner's arguments in his objections focus on those same trial court errors. However, the court agrees with the Magistrate Judge that any such trial court errors are "separate, direct review issues which . . . are procedurally barred from federal habeas review." Report [Docket Entry 24] at 15; *see also* PCR App. [Docket Entry 15, Attach. 4] at 27 (holding that such claims should have been raised on direct appeal and were procedurally barred under S.C. Code Ann. § 17-27-20(b) from PCR review); *Coleman v Thompson*, 501 U.S. 722, 750 (1991) (stating that in "all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred . . . ."). Again, as previously discussed at page two (2) of this Order, for whatever reason, Petitioner withdrew his direct appeal.

The Magistrate Judge also recommended that Ground One(b), Ground One(d), and Ground Two are procedurally barred from federal habeas review. Moreover, the Magistrate Judge found that Petitioner had "not alleged that he is actually innocent of the crimes of which he was convicted, much less presented the type of evidence required to excuse a procedural default . . . ." Report [Docket Entry 24] at 11. Petitioner objected to these recommendations.

In his objections, Petitioner argues that he has exhausted all of his state court remedies. Obj. [Docket Entry 25] at 2. Specifically, Petitioner contends that he "raised the issue of

---

recommendation of the Magistrate Judge as to Ground Two.

ineffective assistance of counsel and improper notice in both his PCR and on his appeals to the highest state court." *Id.* at 3.

After thoroughly reviewing the record, the court agrees with the Magistrate Judge and overrules Petitioner's objections. As to Grounds One(b) and (d), it is arguable that these grounds were included in Petitioner's application for PCR. However, a review of the record reveals that these grounds were neither raised before nor ruled upon by the PCR court. Moreover, Petitioner failed to raise these issues to the state appellate courts in his PCR appeal. Accordingly, these claims were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. at 750 (stating that in "all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred . . . .").

As to Ground Two, although Petitioner's Sixth Amendment claims regarding notice were included as part of his arguments in his state petition for a writ of certiorari, those claims were not raised before or ruled upon by the PCR court, and therefore they were not preserved for appellate review under state procedural rules.[3] *See Humbert v. State*, 548 S.E.2d 862, 866 (S.C.

---

[3] The court does note that it is possibly arguable that the Sixth Amendment claim based on notice was raised before and ruled upon by the PCR court. In Ground Two of Petitioner's PCR application, Petitioner stated the following: "The Applicant's conviction and sentence was obtained in violation of the South Carolina Constitution Article I, § 14 and § 3 and United States Constitution Amendment 6 and 14 because the Applicant was denied his right to the effective assistance of counsel." PCR App. [Docket Entry 15, Attach. 2] at 69.

In making its ruling, the PCR court stated the following, verbatim:

This Court has had the opportunity to observe the witnesses when testifying and to judge their credibility. This Court finds the testimony of trial counsel to be very credible. This Court further finds the testimony of the Applicant not credible.

The record shows that the Applicant skipped bail and absconded to the Washington, D.C. area where he was arrested on a bench warrant from York County and a warrant for violating his federal probation on drug charges. This Court finds that the

8

2001) (holding that an issue must be raised before and ruled upon by the PCR court to be

> Applicant failed to cooperate with his appointed attorney in preparing a defense to his charges. This Court finds that the Applicant was sent written notice by trial counsel on August 11, 2000, which informed him to contact trial counsel immediately in bold letters and to be in General Sessions Court on Monday, August 21, 2000 at 8:30 A.M. where he was to remain until excused. This written notice also informed the Applicant that if he did not appear in court, he could be tried without him being present and that he could be convicted in his absence and sentenced accordingly.
>
> The trial court found and this Court also finds that the Applicant failed to maintain contact with his trial counsel and failed to help counsel in preparing a defense. The Applicant's failure to appea[r] for trial left his attorney handcuffed and without any plan of defense. This Court finds that the Applicant not only waived his right to be present from his trial but also waived his right to have trial counsel represent him at the trial.
>
> The testimony and exhibits introduced during the trial constitute substantial evidence of the Applicant's guilt. This Court finds that even if trial counsel had represented the Applicant during the trial without any help from the Applicant, there is a strong likelihood that the Applicant would have been convicted of the same charges by the jury.
>
> Therefore, this Court finds that trial counsel was not ineffective for making a motion to be relieved prior to the Applicant's trial in his absence. This Court further finds that the Applicant has not shown he was prejudiced by trial counsel's performance.

PCR App. [Docket Entry 15, Attach. 4] at 26-27. Specifically, the PCR court held that trial counsel did not err in "making a motion to be relieved *prior to the Applicant's trial in his absence*." The court recognizes that, in taking a broad reading of this sentence, one could possibly construe implicitly this holding to encompass the issue of whether or not trial counsel should have provided Petitioner notice of his motion to be relieved.

However, upon review of the record, this court still finds that the issue of ineffective assistance of counsel based on lack of notice was not properly raised before or ruled upon by the PCR court. First, a review of Petitioner's PCR application and memo attached to the application reveals that at no point does Petitioner appear to argue, or even mention, that trial counsel failed to give him proper notice of counsel's motion to be relieved. Second, the PCR court does not explicitly address this lack of notice in its order and therefore this court finds the PCR court did not make a ruling on the notice issue. Moreover, Petitioner could have easily preserved appellate review of the issue by making a "Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law" on his allegations regarding notice. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Petitioner failed to do so. Accordingly, this court finds that the notice issue was not raised before or ruled upon by the PCR court, and therefore is procedurally defaulted for purposes of federal habeas review.

Nevertheless, for the reasons stated above, the court does recognize the possible argument that Petitioner's Sixth Amendment claim regarding notice may have been "generally" raised before the PCR court and that the PCR court's ruling may have possibly implicitly encompassed the issue. Therefore, this court will grant Petitioner a certificate of appealability as to the sole issue of whether Petitioner's Sixth Amendment claim of ineffective assistance of counsel regarding failure to give notice of counsel's motion to be relieved in Ground Two of this habeas petition was procedurally defaulted.

preserved for appellate review). Moreover, Petitioner's arguments to the state appellate courts rested solely on alleged violations of the Sixth Amendment. Therefore, to the extent Petitioner now seeks relief based solely on the Fourteenth Amendment, he cannot properly seek federal habeas review of any such claims.[4] *See Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000) (holding claims were not exhausted where, although raised on direct appeal, they were raised on different grounds than those advanced in federal habeas petition). Based on the foregoing, Petitioner did not properly exhaust the claims in Ground Two of this Petition and they would be found to be procedurally defaulted under independent and adequate state procedural rules, and therefore these claims are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. at 750; *see also Clagett*, 209 F.3d at 379.

The Magistrate Judge also found that Petitioner has failed to present any evidence to overcome his procedural default. In his objections, Petitioner once again argues that what transpired in this case caused a "miscarriage of justice." However, in order to overcome the procedural bar for federal habeas review based on a "miscarriage of justice," Petitioner must show his "actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). In the case at bar, Petitioner has not even alleged that he is actually innocent, much less provided any evidence of such. Accordingly, Ground One(b), Ground One(d), and Ground Two are procedurally barred from federal habeas review.

---

[4] Additionally, it appears that Petitioner's Fourteenth Amendment claims stem from actions taken by the state trial court. However, any claims pertaining to actions by the state trial court are procedurally barred because Petitioner failed to raise such issues in a direct appeal. *See* Order, *supra*, p.7.

II. Ineffective Assistance of Counsel

Petitioner's only claims properly before the court are that his counsel was ineffective by moving to be relieved as counsel and by abandoning Petitioner at a critical phase of his trial. As to those claims, the Magistrate Judge recommended the following:

> [Petitioner] cannot demonstrate that the PCR court unreasonably misapplied federal law or that its factual findings were []unreasonable in light of the evidence presented. The court cannot say based on the reasonably supported facts determined by the PCR court that trial counsel's decision to move to be relieved was objectively unreasonable, and therefore, [Petitioner] cannot satisfy the requirements on the *Strickland* test.

Report [Docket Entry 24] at 14. Petitioner objects to this recommendation. However, upon review, this court finds itself in agreement with the Magistrate Judge.

Nowhere in his objections does Petitioner set forth any arguments or evidence sufficient to overcome this court's deferential standard of review, as set forth in 28 U.S.C. § 2254(d) and (e). The PCR court determined that it was not objectively unreasonable for Petitioner's trial counsel to seek to be relieved as counsel in the manner and at the time that he did, and this court agrees.[5] Although Petitioner argues throughout his objections that he was left without counsel and "denied effective assistance of counsel," he provides no evidence or arguments to show that his trial counsel's actions were unreasonable. Based on the evidence as the PCR court properly found it, the record shows that trial counsel did not feel adequately prepared to defend the case based on the lack of communication with his client, counsel had diligently attempted to get in touch with Petitioner leading up to trial, and Petitioner did not respond to his counsel's letters or calls and did not show up for trial. The court does note that Petitioner asserts in his objections

---

[5] The court notes that Petitioner states in his objections that the "Magistrate correctly selected the applicable standard of law to analyze Mr. Hall's claim, but incorrectly analyzes the facts." Obj. [Docket Entry 25] at 2.

11

that there is no evidence, other than trial counsel's own statements, that trial counsel attempted to contact and warn Petitioner before his trial date. However, at the PCR hearing, the PCR court heard testimony from both Petitioner and his trial counsel, found trial counsel to be very credible, and ultimately determined that trial counsel had attempted to contact Petitioner in the weeks leading up to trial and Petitioner failed to respond. This court owes the factual determinations of the State PCR Court great deference, and Petitioner has failed to present any evidence to overcome this court's deferential standard of review. *See* 28 U.S.C. § 2254(e). Accordingly, summary judgment should be granted in favor of Respondents.

## Conclusion

This court has thoroughly reviewed the Report, objections, memoranda, and applicable law. For the reasons stated above and by the Magistrate Judge, the court overrules all of Petitioner's objections and hereby adopts as modified and incorporates by reference the Report and Recommendation of the Magistrate Judge. Respondent's Motion for Summary Judgment is **GRANTED**. Accordingly, Petitioner's petition is hereby **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED** as to the sole issue of whether Petitioner's Sixth Amendment claim regarding counsel's failure to give notice of his motion to be relieved in Ground Two was procedurally defaulted. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                    s/R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

March 18, 2010
Florence, South Carolina